1
2
3
4
5

BLANCHARD, KRASNER & FRENCH
DAVID C. HAWKES; SBN: 224241
dhawkes@bkflaw.com
800 Silverado St., 2nd Floor
La Jolla, CA 92037
Telephone: (858) 551-2440
Facsimile:   (858) 551-2434

MATCHA LAW
STEPHEN MATCHA; SBN: 249176
steve@matchalaw.com
13223 Black Mountain Rd., #233
San Diego, CA 92129-2699
Telephone:  (619) 565-3865

6
7
8
9
10

LAW OFFICE OF DAVID A. HUCH
DAVID A. HUCH; SBN: 222892
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA 91739
Telephone:  (909) 463-6363
Facsimile:   (909) 614-7008

11
12

Attorneys for Plaintiff, BRITTANI BENNETT

13
14
15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

16
17
18

BRITTANI BENNETT, Individually
and On Behalf of All Others
Similarly Situated,

19
20
21

        Plaintiffs,

v.

22
23
24
25
26
27
28

WYNDHAM VACATION
OWNERSHIP, INC., a Delaware
Corporation; WYNDHAM
DESTINATIONS, INC., a Delaware
Corporation; and Does 1 through 20,
inclusive,

        Defendants.

Case No. 22CV1050 CAB (BLMx)

**CLASS ACTION**

**SECOND AMENDED COMPLAINT
COMPENSATORY DAMAGES,
PENALTIES, RESTITUTION &
INJUNCTIVE RELIEF:**

1. Failure to Pay Overtime in Violation
   of Cal. Labor Code §§ 510 & 1194;
2. Failure to Provide Meal Periods and
   Pay Meal Period Compensation in
   Violation of Cal. Labor Code § 226.7;
3. Failure to Authorize and Permit Rest
   Periods and Pay Rest Period
   Compensation in Violation of Cal.
   Labor Code § 226.7;

4. Failure to Provide Accurate Itemized Wage Statements in Violation of Cal. Labor Code §§ 226 and 226.3;
5. Failure to Pay Compensation When Due at Time of Separation of Employment in Violation of Cal. Labor Code §§ 201-203;
6. Unlawful and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 et seq.; and
7. Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698 *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiff, BRITTANI BENNETT, on her own behalf, all others similarly situated, and on behalf of the general public, allege causes of action against defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1. This is a class action and state enforcement action brought by Plaintiff BRITTANI BENNETT ("Plaintiff") individually and on behalf of current and former California-based, non-exempt marketers of Defendants WYNDHAM VACATION OWNERSHIP, INC. and WYNDHAM DESTINATIONS, INC. ("Defendants") during the period of October 1, 2019 to the present.

2. California and Federal law provide that employees must be paid overtime at one-and-one-half times their "regular rate of pay." Similarly, California Labor Code Section 226.7 provides that employees who are not provided a meal or rest period in accordance with California law shall be paid an additional hour of pay "at the employee's regular rate of compensation." California Labor Code Section

246(l)(i) provides that paid sick time for non-exempt employees shall be calculated at the employee's "the regular rate of pay."

3.    Plaintiff and other members of the Class have been compensated at an hourly rate plus Defendants' non-discretionary commission and bonus program, that provides marketers, who paid on an hourly basis, with commission and bonus compensation when these employees meet various sales or performance goals. However, when calculating the regular rate of pay in order to pay overtime, meal and rest period premiums, and/or sick pay to Plaintiff and other members of the Class, Defendants not include the non-discretionary commission and bonus monies earned by Plaintiff and other marketers. Management and supervisors described the commission and bonus program to potential and new employees as part of the compensation package. As a matter of law, the commission and bonus compensation received by Plaintiff and other members of the Class must be included in the "regular rate of pay" and/or "regular rate of compensation." The failure to do so has resulted in Defendants' systematic underpayment of overtime compensation, meal and rest period premium pay, and sick pay to Plaintiff and other current and former marketers.

4.    At all relevant times, Plaintiff and other current and former marketers have also been required by Defendants to work during meal periods and rest periods. Defendants' marketers have not been provided with state-mandated meal periods of an uninterrupted thirty minutes within the first five hours of daily work periods lasting more than five hours, and have not received a second meal period within the first ten hours of daily work periods lasting more than ten hours. Defendants' current and former marketers also have not been authorized and permitted to take state-mandated rest periods of an uninterrupted ten minutes' rest during every four hour work period, or major fraction thereof.

5.    The policies and practices of Defendants, as alleged herein, are unlawful, unfair and deceptive business practices whereby Defendants' deceptive employment

and wage practices cheat Plaintiff and other members of the proposed Class out of their lawful compensation due, as required by California law. Plaintiff therefore seeks an injunction enjoining such conduct by Defendants in the future, restitution for the named Plaintiff and all members of the proposed Class, and all other appropriate equitable relief.

6.    Defendants' failure to provide meal periods, failure to authorize and permit meal periods, unlawful failure to calculate the proper regular rates of pay, and failure to compensate employees at the proper overtime rate, proper meal and rest premium pay rate, and proper sick pay rate have also resulted in Defendants' intentional issuance of inaccurate wage statements to Plaintiff and other current and former marketers, and willful failure to pay all wages due and owing to such employees at the time of their separation of employment with Defendants.

## IDENTIFICATION OF THE PARTIES

7.    Plaintiff BRITTANI BENNETT is a competent adult who resides in the City and County of San Diego, State of California. During the time period of October 2020 to January 2022, Plaintiff was employed by Defendants in the County of San Diego, State of California as an hourly, non-exempt marketer. Plaintiff was paid in whole or in part on an hourly basis and received additional compensation from Defendants in the form of sales commissions and non-discretionary bonuses.

8.    Defendants WYNDHAM VACATION OWNERSHIP, INC. and WYNDHAM DESTINATIONS, INC. are Delaware corporations with their principal offices in Orlando, Florida. Defendants are a brand of Wyndham Hotels and Resorts, Inc. (NYSE: WH) and are the largest developer and marketer of vacation timeshare products in the world.

9.    The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while

**SECOND AMENDED COMPLAINT**

actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

10.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment.  Plaintiff is further informed and believes that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

11.    When in this Complaint reference is made to any act of the "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

## JURISDICTION AND VENUE

12.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs

13.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because, Plaintiff is informed and believes, and thereon alleges, that the amount in controversy exceeds $5,000,000.00 and the parties are citizens of diverse jurisdictions.

14.    Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391, because Defendants operate substantial business operations in San Diego County, California, and because a substantial part of the events giving rise to the claims occurred in this district.

**SECOND AMENDED COMPLAINT**

## CLASS ACTION ALLEGATIONS

15.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

16.    Plaintiff brings this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following putative class Plaintiff will seek to certify is currently composed of and defined as follows:

> **All current and former non-exempt marketers of Defendants WYNDHAM VACATION OWNERSHIP, INC. and WYNDHAM DESTINATIONS, INC. employed in California during the period of October 1, 2019 to the present (the "CLASS").**

17.    <u>Numerosity</u>: The potential number of members of the CLASS as defined is so numerous that joinder of all members would be unfeasible and unpractical. The disposition of their claims through this class action will benefit both the parties and this Court. The quantity of members of the CLASS is currently unknown to Plaintiff; however, it is estimated that there are at least 1,500 members each in the CLASS. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' employment records, which Defendants are required to maintain under California law.

18.    <u>Typicality</u>: The claims of Plaintiff are typical of the claims of all members of the CLASS mentioned herein because all members of the CLASS sustained injuries and damages arising out of Defendants' common course of conduct in violation of California wage and hour law, and the injuries and damages of all members of the CLASS were caused by Defendants' wrongful conduct in violation of California statutory and regulatory law, as alleged herein.

19.    <u>Adequacy</u>: Plaintiff is an adequate representative of the CLASS and will fairly protect the interests of the members of the alleged CLASS, and has no interests antagonistic to the members of the alleged CLASS and will vigorously pursue this

suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

20.    <u>Superiority</u>.  The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein:

21.    There are common questions of fact and law as to the members of the CLASS, which predominate over questions affecting only individual members of the alleged CLASS including, without limitation:

a.    Whether DEFENDANTS have unlawfully failed to correctly calculate and pay overtime compensation to members of the CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

b.    Whether the members of the CLASS are entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.    Whether DEFENDANTS have lawfully provided meal periods to members of the CLASS in compliance with California's strict wage and hour laws and regulations;

d.    Whether DEFENDANTS have lawfully authorized and permitted rest periods to members of the CLASS in compliance with California's strict wage and hour laws and regulations;

e.    Whether DEFENDANTS have unlawfully failed to correctly calculate and pay meal period premiums to members of the CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

f.    Whether the members of the CLASS are entitled to extra compensation for Defendants' failure to provide meal periods and/or to pay the

**SECOND AMENDED COMPLAINT**

1           regular rate of compensation for late, short or missed meal periods, as

2           required by California Labor Code Section 226.7;

3    g.    Whether DEFENDANTS have unlawfully failed to correctly calculate

4           and pay rest period premiums to members of the CLASS in violation of

5           the California Labor Code and California regulations and the applicable

6           California Wage Order;

7    h.    Whether the members of the CLASS are entitled to extra compensation

8           for Defendants' failure to authorize and permit rest periods and/or pay

9           the regular rate of compensation for late, short or missed meal periods,

10          as required by California Labor Code Section 226.7;

11   i.     Whether DEFENDANTS have unlawfully failed to correctly calculate

12         and pay sick pay to members of the CLASS in violation of the

13         California Labor Code and California regulations and the applicable

14         California Wage Order;

15   j.     Whether DEFENDANTS failed to accurately record the applicable

16         overtime rates of pay, meal and rest period rates of compensation, and

17         sick pay rates of pay earned by Plaintiff and the other members of the

18         alleged CLASS;

19   k.    Whether Defendants knowingly and intentionally failed to furnish

20         accurate, itemized wage statements to members of the CLASS;

21   l.     Whether Defendants paid all wages due and owing to formerly

22         employed members of the CLASS at the time of separation of

23         employment, in accordance with Labor Code §§ 201-203;

24   m.   Whether Defendants' conduct constituted unfair or unlawful business

25         practices within the meaning of Business & Professions Code § 17200

26         *et seq.*;

27   n.    Whether the members of the alleged CLASS are entitled to

28

**SECOND AMENDED COMPLAINT**

1    compensatory damages, and if so, the means of measuring such
2    damages;

3    o.    Whether the members of the alleged CLASS are entitled to injunctive
4         relief;

5    p.    Whether the members of the alleged CLASS are entitled to restitution;

6    q.    Whether the members of the alleged CLASS are entitled to
7         disgorgement of profits;

8    r.    Whether the formerly employed members of the CLASS are entitled to
9         "waiting time penalties;"

10   s.    Whether Defendants are liable for pre-judgment interest; and

11   t.    Whether Defendants are liable for attorneys' fees and costs.

12   **<u>FIRST CAUSE OF ACTION</u>**
     (Failure to Pay Overtime Compensation)
13   (On Behalf of Plaintiff and the CLASS)

14
15   22.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

16
17   23.    Plaintiff and the other members of the CLASS bring a claim for Defendants' failure to accurately calculate the applicable rates for all overtime hours
18   worked by Plaintiff and other member of the CLASS.

19
20   24.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

21
22   25.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40)
23   hours per workweek unless they receive additional compensation beyond their regular
24   wages in amounts specified by law.

25
26   26.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with attorneys'
27   fees and costs of suit. Cal. Lab. Code § 1198 further states that the employment of an
28

-8-

employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

27.    Defendants maintained a uniform wage practice of paying Plaintiff and the other members of the CLASS without regard to the correct applicable overtime rate for the number of overtime hours they worked. As set forth herein, Defendants' uniform policy and practice is to unlawfully and intentionally deny timely payment of wages due for the overtime hours worked by the Plaintiff and the other members of the CLASS, and Defendants have failed to pay these California employees the correct applicable overtime wages for all overtime hours worked.

28.    In committing these violations of the California Labor Code, Defendants inaccurately calculated the applicable overtime rates and consequently underpaid the actual hours worked. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

29.    As a direct result of Defendants' unlawful wage practices as alleged herein, Plaintiff and the other members of the CLASS did not receive full compensation for all overtime hours worked.

30.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to Plaintiff and the other members of the CLASS. Further, Plaintiff and the other members of the CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, Plaintiff brings this Action on behalf of herself and the CLASS based on Defendants' violations of non-negotiable, non-waiveable rights provided by the State of California.

31.    By virtue of Defendants' unlawful failure to accurately pay all earned

compensation to Plaintiff and the other members of the CLASS, Plaintiff and the other members of the CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

32.     Plaintiff and the other members of the CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, attorneys' fees and costs of suit, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes.

## SECOND CAUSE OF ACTION
(Failure to Provide Meal Periods and  Pay Meal Period Compensation
in Violation of Cal. Labor Code  § 226.7)
(On Behalf of Plaintiff and the CLASS)

33.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

34.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff and the other members of the CLASS had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code§ 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to provide meal periods to Plaintiff and members of the CLASS and/or failed to pay the meal period premium at the correct rate of compensation. Plaintiff and the other members of the earned commissions and non-discretionary bonus or incentive pay, which was not factored

-10-

**SECOND AMENDED COMPLAINT**

into the regular rate of compensation for purposes of paying meal period premium pay. Instead, during pay periods in which Plaintiff and the other members of the CLASS earned commissions and non-discretionary remuneration, Defendants improperly paid the meal premium pay at the base rate of pay.

35.    Plaintiff is informed and believe and based thereon alleges that Defendants failed to include all remuneration, including commissions and non-discretionary remuneration, in the regular rate of compensation for purposes of calculating meal period premium pay, as required by Labor Code§§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and similarly situated employees are owed wages for the undisputed meal period violations, as set forth in Defendants' own records.

36.    Plaintiff further alleges, on the basis of information and belief, that at all relevant times, Defendants have promulgated and enforced policies under which members of the CLASS, including Plaintiff, regularly worked more than five hours in a daily work period lasting longer than five hours without being provided with an uninterrupted, thirty-minute meal period during which members of the CLASS, including Plaintiff, were relieved of all of their respective work duties, or under which members of the CLASS, including Plaintiff, were not provided with a thirty-minute meal period during the first five hours of their work shifts. Defendants have also otherwise failed to provide CLASS members with state-mandated meal periods, including requiring CLASS members to take unlawful "on duty" meal periods.

37.    Defendants' policies and practices have required their marketers, including Plaintiff, to remain working until certain goals are met, regardless of whether meal periods have been provided.  This requirement, combined with Defendants' failure to ensure adequate staffing, has resulted in Defendants' failure to provide its marketers, including Plaintiff, with state-mandated meal periods.

38.    All members of the CLASS, including Plaintiff, are entitled to additional

-11-

wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than five hours during which members of the CLASS, including Plaintiffs, were not provided with an uninterrupted, thirty minute meal period, or during which members of the CLASS were not provided with an uninterrupted thirty-minute meal period during the first five hours of their work shifts.  Members of the CLASS, including Plaintiff, are also entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than ten hours during which members of the CLASS, including Plaintiff, were not provided with a second uninterrupted, thirty minute meal period, or during which members of the CLASS were not provided with a second uninterrupted thirty-minute meal period during the first ten hours of their work shifts.

39.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the members of the CLASS identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512.

## THIRD CAUSE OF ACTION
(Failure to Authorize and Permit Rest Periods and
Pay Rest Period Compensation in Violation of Cal.  Labor Code § 226.7)
(On Behalf of Plaintiff and the CLASS)

40.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

41.    At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff and the other members of the CLASS were authorized and permitted to take off-duty rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code §§ 226.7 and the applicable IWC Wage Order. Specifically, Labor Code §

**SECOND AMENDED COMPLAINT**

226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the rest period premium at the correct rate of compensation. Plaintiff and the other members of the CLASS earned commissions and non-discretionary bonus or incentive pay, which was not factored into the regular rate of compensation for purposes of paying rest period premium pay. Instead, during pay periods in which Plaintiff and the other members of the CLASS earned commissions and non- discretionary remuneration, Defendants improperly paid the meal premium pay at the base rate of pay.

42.    Plaintiff is informed and believe and based thereon alleges that Defendants failed to include all remuneration, including commissions and non-discretionary remuneration, in the regular rate of compensation for purposes of calculating rest period premium compensation, as required by Labor Code §§ 226.7, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and similarly situated employees are owed wages for the undisputed rest period violations, as set forth in Defendants' own records.

43.    Plaintiff alleges, on the basis of information and belief, that during all relevant times, Defendants have promulgated and enforced policies under which members of the CLASS, including Plaintiff, have regularly worked more than four hours per day without being authorized and permitted to take one or more paid rest periods of at least ten minutes for each four hours of work time, or major fraction thereof, during which the members of the CLASS, including Plaintiff, were relieved of all of their respective work duties.

44.    Defendants have adopted and maintained uniform corporate rest period policies and procedures that violate California law, including the applicable Industrial Welfare Commission Wage Order. Defendants have failed to authorize and permit

**SECOND AMENDED COMPLAINT**

members of the CLASS, including Plaintiff, to take ten-minute rest periods every four hours or major fraction thereof.

45.    Defendants' policies and practices have required their marketers, including Plaintiff, to remain working until certain goals are met, regardless of whether rest periods have been authorized and permitted. This requirement, combined with Defendants' failure to ensure adequate staffing, has resulted in Defendants' failure to authorize and permit its marketers, including Plaintiff, with state-mandated rest periods.

46.    Plaintiff alleges, on the basis of information and belief, that members of the CLASS, including Plaintiff, have suffered harm and monetary damages, in an amount to be ascertained at trial.  Plaintiff and the other members of the CLASS and are entitled to additional wages pursuant to California Labor Code Section 226.7 for each four hour work period, or major fraction thereof, during which members of the CLASS were not permitted and authorized to take one or more ten minute rest periods

47.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the members of the CLASS identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512.

**FOURTH CAUSE OF ACTION**
(Failure to Provide Accurate Itemized Wage Statements)
(On Behalf of Plaintiff and the alleged CLASS)

48.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

49.    Labor Code Section 226 requires an employer to keep accurate, itemized pay statements.  Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all deductions, net wages earned, inclusive dates of the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately itemized on each pay statement.

50.    At all times relevant herein, Defendant violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that properly and accurately itemized the effective overtime rates of pay for overtime hours worked by Plaintiff and the other members of the CLASS and thereby also failed to set forth the correct overtime wages earned by the employees.

51.    At all times relevant herein, Defendant further violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that properly and accurately itemized meal period premiums for Plaintiff and CLASS members' missed, late and short meal periods, and/or properly and accurately itemized the effective meal period premium rates of compensation paid by Defendants to Plaintiff and the other members of the CLASS and thereby failed to set forth the correct wages earned by the employees.

52.    At all times relevant herein, Defendant further violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that properly and accurately itemized rest period premiums for Plaintiff and CLASS members' missed, late and short rest periods, and/or properly and accurately itemized the effective rest period premium rates of compensation paid by Defendants to Plaintiff and the other members of the CLASS and thereby failed to set forth the correct wages earned by the employees.

53.    At all times relevant herein, Defendant further violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that

-15-

properly and accurately itemized the effective sick pay compensation earned by Plaintiff and the other members of the CLASS.

54.    Defendant knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to Plaintiff and the other members of the alleged CLASSES. These damages include, but are not limited to, costs expended calculating the correct rates for earned overtime hours, meal and rest period premiums, and sick pay, as well as the amount of employment taxes which were not properly paid to state and federal tax authorities. Therefore, Plaintiff and the other members of the alleged CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for the Plaintiff and each respective member of the alleged CLASS).

## **FIFTH CAUSE OF ACTION**
(Failure to Pay Compensation When Due at Time of Separation of Employment )
(On Behalf of Plaintiff and the CLASS)

55.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

56.    California Labor Code Section 201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge.  California Labor Code Section 202 requires an employer to promptly pay compensation due and owing an employee within 72 hours of that employee's separation of employment by resignation.  California Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation as required pursuant to California Labor Code Sections 201 and 202, said employer is liable to said employee for waiting time penalties.

57.    Plaintiff alleges, on the basis of information and belief, that Defendants

have willfully failed and have refused to pay all compensation and wages due and owing, including the correct amount of overtime pay and meal and rest period premium wages, to formerly employed members of the CLASS, including Plaintiff, upon their separation of employment.

58.    Defendants' failure to timely pay compensation and wages to members of the CLASS at the time of their separation of employment has been willful.  As a result, Defendants are liable to formerly employed members of the CLASS for "waiting time penalties" under California Labor Code Section 203, in an amount to be ascertained at trial.

### SIXTH CAUSE OF ACTION
(Unlawful and Unfair Business Practices:
Business & Professions Code § 17200 *et seq.*)
(On behalf of Plaintiff, the alleged CLASS)

59.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

60.    Labor Code §246(l)(1) requires that nonexempt employees be paid sick time in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

61.    Labor Code §246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

62.    Defendants violated Labor Code § 246 by failing to pay sick pay at the regular rate of pay. Plaintiffs and the other members of the CLASS routinely earned commissions and non-discretionary bonus and incentive wages, which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for Plaintiffs and the other members of the CLASS, as opposed to the correct,

-17-

higher regular rate of pay, as required under Labor Code §246.

63.    The alleged pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the members of the CLASS identified herein, in a civil action, for the unpaid balance of the unpaid sick pay pursuant to Labor Code § 246.

64.    Each named Defendant is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

65.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.
> Cal. Bus. & Prof. Code § 17203.

66.    By the conduct alleged herein, Defendant has engaged and continues to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations and the California Labor Code, including Sections 226.7, 246, 510 and 1194, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

67.    By the conduct alleged herein, Defendants' practices were unlawful and

-18-

unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

68.    By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' uniform policy and practice failed to pay Plaintiff, and other members of CLASS, wages due for overtime hours worked, failed accurately to record the applicable rate of all overtime hours worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

69.    By the conduct alleged herein, Defendants' practices were also unlawful, unfair and deceptive in that Defendants' employment policies and practices failed to pay Plaintiff, and other members of the CLASS, wages due for missed meal and rest periods, failed accurately to record the applicable rate of compensation for all missed meal and rest periods, and failed to provide the required amount of meal and rest period premium pay due to a systematic miscalculation of the regular rate of compensation that cannot be justified.

70.    By and through the unlawful and unfair business practices described herein, Defendant has obtained valuable property, money and services from Plaintiff and the other members of the alleged CLASS, including earned wages for all overtime hours worked and for all missed meal and rest periods, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of

**SECOND AMENDED COMPLAINT**

these employees and to the benefit of Defendant so as to allow Defendant to unfairly compete against competitors who comply with the law.

71.    Plaintiff and the other members of the alleged CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which Plaintiff the other members of the alleged CLASS have been deprived, by means of the above described unlawful and unfair business practices

72.    Plaintiff is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment practices, Defendant will continue to engage in the unlawful and unfair acts and/or omissions described in this Complaint.

<u>**SEVENTH CAUSE OF ACTION**</u>
**(Labor Code Private Attorneys General Act of 2004: Labor Code § 2698 *et seq.*)**
(On Behalf of Plaintiff, All Aggrieved Employees and the State of California)

73.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants have violated, and continue to violate, several provisions of the California Labor Code, including but not limited to:

a.    <u>Sections 201 – 203</u> (Failure to Pay All Compensation Owed at Separation);

b.    <u>Section 204</u> (Failure to Timely Pay All Wages Earned);

c.    <u>Section 226</u> (Failure to Provide Accurate Itemized Wage Statements);

d.    <u>Section 226.3</u> (Penalties for Failure to Provide Accurate Wage Statements);

e.    <u>Section 226.7</u> (Failure to Pay Meal and Rest Period Premium Wages);

f.    <u>Section 246</u> (Failure to Pay Sick Pay at the Proper Rate of Pay);

g.    <u>Section 510</u> (Unlawful Overtime Policies and Procedures);

h.    <u>Section 558</u> (Penalties for Violations in IWC Wage Orders);

i.    <u>Section 1174</u> (Failure to Maintain Accurate Time Records); and

j.    <u>Section 1194</u> (Failure to Pay Overtime Compensation);

74.    Pursuant to Labor Code § 2699, Plaintiff bring this cause of action on behalf of herself and all other current or former employees of Defendants against whom one or more of the alleged violations was committed and/or is being committed ("aggrieved employees," as defined by Section 2699(c)).

75.    Pursuant to Labor Code Section 2699, Plaintiff seeks to recover from Defendants civil penalties for *each* Labor Code violation.  The civil penalties are to be calculated at the rate at which the civil penalty is to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees.

76.    Pursuant to Labor Code Section 2699, for all provisions of the California Labor Code that do not specifically provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, Plaintiff seeks to recover from Defendants civil penalties for *each* Labor Code violation at the following rate: one hundred dollar ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

77.    Pursuant to Labor Code Section 2699, Plaintiff seeks an award of reasonable attorney's fees and costs for bringing this cause of action on behalf of herself, the State of California and Defendants' other current and former aggrieved employees against whom one or more of the alleged violations was committed.

78.    In compliance with Labor Code Section 2699.3, on April 22, 2022, Plaintiff provided Defendants and the California Labor & Workforce Development Agency ("LWDA") with written notice, via online filing and via certified mail, of the specific provisions of the Labor Code alleged to have been violated by Defendants,

-21-

and the facts and theories to support the allegations. The LWDA assigned this matter Case No. LWDA-CM-880120-22.

79.    More than 65 days have elapsed since Plaintiff notified the LWDA of the specific provisions of the Labor Code alleged to have been violated by Defendants. To date, the LWDA has not notified Plaintiff nor Defendants that it intends to investigate the alleged violations contained in Plaintiff's April 22, 2022 notice.

80.    Pursuant to California Labor Code § 2699.3, Plaintiff may commence a civil action against Defendants for civil penalties on behalf of herself, the State of California and Defendants' other current and former aggrieved employees.

81.    Plaintiff may maintain this cause of action against Defendants for civil penalties under Labor Code Section 2698 *et seq.* regardless of whether Plaintiff's allegations contained herein are certified for class treatment.

82.    Plaintiff has not alleged any violation of Division 5 (commencing with Section 6300) of the Labor Code.

83.    In compliance with Labor Code Section 2699.3, Plaintiff's April 22, 2022 notice also provided Defendants and the LWDA, with written notice, via online filing and via certified mail, of the specific provisions of the Labor Code—not specified in Labor Code Section 2699.5— alleged to have been violated by Defendants, including Labor Code Sections 226.3, 246 and 558, as well as the facts and theories to support the allegations.

84.    To date, Defendants have not cured any of the alleged violations, and Defendants have not abated any of the violations alleged by Plaintiff in his April 22, 2022 notice.  At all relevant times, Defendants have not been in compliance with the underlying statutes as specified in Plaintiff's April 22, 2022 notice. At all relevant times, no aggrieved employee has been made whole for the Labor Code violations described in Plaintiff's April 22, 2022 notice.

**SECOND AMENDED COMPLAINT**

85.    To date, Defendants have not given written notice to Plaintiff nor the LWDA that any Labor Code violation alleged by Plaintiff in her April 22, 2022 notice has been cured.

86.    Pursuant to California Labor Code § 2699.3(c)(2)(A), Plaintiff may commence a civil action against Defendants for civil penalties on behalf of herself, the State of California and Defendants' other current and former aggrieved employees with respect to the specific provisions of the Labor Code—not specified in Labor Code Section 2699.5—alleged to have been violated by Defendants, including Labor Code Sections 226.3, 246 and 558.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf, and on behalf of all others similarly situated, prays for judgment as follows:

1.    That the Court issue an Order certifying the alleged CLASS, appointing the named Plaintiff as representatives of all others similarly situated and appointing the law firms representing the named Plaintiff, Blanchard, Krasner and French, Matcha Law, and the Law Office of David A. Huch, as counsel for members of the alleged CLASS;

2.    For compensatory damages according to proof to Plaintiff and the members of the alleged CLASS;

3.    For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287, 3288 & 3289, and any other legal rate that may be applicable to Plaintiff's causes of action;

4.    For waiting time penalties pursuant to Labor Code sections 201-203 according to proof to Plaintiff and the formerly employed members of the CLASS;

5.    For an Order compelling Defendants to restore unpaid wages, expenditures, losses, income and other related benefits (in the form of restitution) to each of the members of the alleged CLASS who have suffered as a result of

1  Defendants' unlawful and unfair employment practices alleged herein;

2      6.    For an order compelling Defendants to disgorge and pay over to Plaintiff

3  and the members of the alleged CLASS all profits and savings resulting from

4  Defendants' unlawful and unfair business practices alleged herein;

5      7.    For issuance of a permanent injunction enjoining Defendants, and each

6  of them, from continuing to engage in the unlawful and unfair business practices

7  alleged herein;

8      8.    For attorneys' fees and litigation expenses pursuant to all applicable

9  statutes, including Labor Code sections 218.5, 226, 1194, 2699, and as otherwise

10  permitted by law;

11      9.    For civil penalties pursuant to the Labor Code Private Attorneys General

12  Act of 2004; and

13      10.    For such other and further relief as the court deems just and proper.

14

15  DATED:  October 25, 2022            BLANCHARD, KRASNER & FRENCH

16

17                                 /s/ David Hawkes

18                              _____

19                              DAVID C. HAWKES
                                Attorneys for Plaintiff BRITTANI
20                              BENNETT, individually, on behalf of all
                                others similarly situated, and on behalf of the
21                              general public.

22

23                              MATCHA LAW
                                Stephen Matcha; SBN: 249176
24                              steve@matchalaw.com
25                              13223 Black Mountain Rd., #233
26                              San Diego, CA 92129-2699
27                              Telephone:  (619) 565-3865

28

LAW OFFICE OF DAVID A. HUCH
David A. Huch; SBN: 222892
david.a.huch@gmail.com
12223 Highland Ave., Ste. 106-574
Rancho Cucamonga, CA 91739
Telephone: (909) 463-6363
Facsimile:  (909) 614-7008

-25-

**SECOND AMENDED COMPLAINT**