1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRITTANI BENNETT, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

WYNDHAM VACATION OWNERSHIP, INC., a Delaware Corporation; WYNDHAM DESTINATIONS, INC., a Delaware Corporation; and Does 1 through 20, inclusive,

Defendants.

Case No. 3:22-CV-1050-JES-BLM

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**[ECF Nos. 40, 41, 43]**

Presently before this Court is Plaintiff Brittani Bennett's ("Plaintiff") motion for final approval of class action settlement (ECF No. 40, filed Dec. 27, 2023) and motion for attorneys' fees, costs, enhancement award, and settlement administration expenses (ECF No. 41, filed Dec. 27, 2023).

On April 25, 2022, Plaintiff filed a class action Complaint in the San Diego County Superior Court on behalf of herself and all other similarly situated non-exempt marketers who worked in the State of California for Defendant Wyndham Vacation Ownership, Inc. ("Defendant") (ECF No. 1, Notice of Removal, Exh. A thereto). On July 19, 2022, Defendant removed the action to the United States District Court for the Southern District of California (Case No. 22-cv-1050-JES-BLM) (ECF No. 1).

In the operative Third Amended Complaint, filed August 10, 2023 (ECF No. 31), Plaintiff alleges, on behalf of the class, that Defendant: (1) failed to pay overtime compensation (Labor Code sections 510, 558, 1194, 1198); (2) failed to provide meal periods (Labor Code sections 226.7, 512, 558); (3) failed to pay meal period premium pay (Labor Code section 226.7); (4) failed to provide rest periods (Labor Code sections 226.7, 558); (5) failed to pay rest period premium pay (Labor Code section 226.7); (6) failed to pay all sick pay (Labor Code section 246); (7) failed to timely pay wages throughout employment (Labor Code section 204); (8) failed to timely pay final wages upon separation of employment (Labor Code sections 201-203); (9) failed to provide accurate itemized wage statements (Labor Code sections 226, 226.3); (10) failed to maintain accurate payroll records (Labor Code section 1174); (11) failed to reimburse reasonable business expenses (Labor Code section 2802); (12) unlawfully collected  employee wages (Labor Code section 221); (13) committed unlawful and unfair business practices (Business and Professions Code section 17200 et seq.); and (14) violated the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2968 *et seq*. (*See generally* ECF No. 31, Third Amended Complaint).

1

On June 14, 2023, the parties participated in a private mediation with Gig Kyriacou, Esq. and accepted a mediator's proposal, subject to finalizing a comprehensive settlement agreement. The Stipulation of Settlement ("Settlement") was thereafter finalized and executed in July 2023 (ECF No. 40-2, Declaration of David A. Huch in Support of Final Approval of Class Action Settlement, Exh. A thereto).

On August 10, 2023, the Court granted preliminary approval of the Settlement. The Court's Order Granting Conditional Class Certification and Preliminary Approval of Proposed Settlement and Form and Plan of Notice ("Prelim. Approval Order") certified the following class for settlement purposes only: "All current and former non-exempt marketing employees of Defendant in California who worked at any time from October 1, 2019, through September 12, 2023." (ECF No. 30, Prelim. Approval Order, at 15:4-9).

Additionally, the PAGA Period runs from April 22, 2021, through September 12, 2023.

A third-party administrator, CPT Group Settlement Administrators, thereafter, disseminated Court-approved notice to the class providing an opportunity to "opt-out" of the Rule 23 settlement class. No one opted out of the Settlement, and no one objected to the Settlement. Following the notice and opt-out process, there are 872 individuals who are members of the class.

The present motion for final approval of the Settlement was filed on December 27, 2023 (ECF No. 40). Plaintiff's motion for attorneys' fees, costs, enhancement award, and settlement administration expenses was also filed on December 27, 2023 (ECF No. 41). A final fairness hearing was held on January 24, 2024.

The Court has now considered all papers, evidence and argument submitted regarding the Settlement. Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

2

1.      The Court hereby enters Judgment and grants final approval of the Settlement and finds that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class and collective settlement under federal law. The parties shall fulfill the terms of the Settlement.

2.      The Settlement and this Judgment shall be binding on the named parties, along with all members of the Certified Class.

3.      The notice of the Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the settlement (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the members of the class and collective of the settlement, their right to object to the settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with all applicable law.

4.      The Court approves class counsel attorneys' fees in the amount of $308,333.33 and reimbursement of litigation expenses in the amount of $16,220.00, which shall be paid in accordance with the terms of the Settlement.

5.      The Court approves a class representative service payment to Plaintiff Brittani Bennett in the amount of $10,000, which shall be paid in accordance with the terms of the Settlement.

6.      The Court approves settlement administration fees and expenses to CPT Group Settlement Administrators in the amount of $14,500, which shall be paid in accordance with the terms of the Settlement.

7.      Without affecting the finality of this matter, this Court shall retain exclusive jurisdiction over this action and the parties, including the class and collective, for purposes of enforcing the terms and conditions of the Settlement.

8.      The Court enters final judgment in this action.

**IT IS SO ORDERED.**

Dated:  January 24, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge